**WHEELDEX MFG. CO., Inc. v. MARZALL.**

Civ. No. 3821.

United States District Court
District of Columbia.

Sept. 29, 1950.

Rehearing Denied Oct. 23, 1950.

C. Willard Hayes (of Cushman, Darby & Cushman), Washington, D. C., for plaintiff.

E. L. Reynolds, Solicitor, Washington, D. C., for defendant.

MORRIS, District Judge.

The plaintiff in these proceedings, as assignee of the application for patent, Serial No. 499,966, filed by Richard P. Scholfield and Robert E. Kelly August 25, 1943, seeks a judgment authorizing the Commissioner of Patents to issue letters patent with respect to Claims 1, 2, 3, 4, 5, 6, 21 and 22 of said application. These claims relate to a rotary card index file. The Primary Examiner rejected all claims on the ground that they are directed to an old combination as shown in Bruen Patent No. 2,168,-323 and Scholfield et al., Patent No. 2,046,-655, and further rejected all claims here involved as not being patentable over the Bruen patent and Armstrong Patent No. 1,-222,712. The Board of Appeals overruled the Primary Examiner with reference to the patentability of Claims 3, 5 and 6 as being unpatentable over the prior art, but affirmed the Primary Examiner in all other respects, and patents on all of the claims were, therefore, denied.

The primary difference between the prior art as disclosed by the Bruen and Scholfield et al., patents is that the flange-like wheel used for rotating the drum upon which the file cards were affixed is replaced in the present application with a plurality of handles which, working in conjunction with a one-way clutch, causes the drum to rotate with a forward motion of the handle, but permits the handle to move to the rear without engagement with the drum. The other elements of the combination are not different from those present in the prior art. That the handle-clutch element is a decided improvement over the flange element, used for rotating the drum, is hardly open to question in view of the evidence received at the hearing of this case. It eliminates many disadvantages in the operation and utility of the filing device. The objection, however, that the improvement of one element in an old combination does not justify the issuance of patent protection as a new combination is not overcome by the fact that the new element consists of a handle and clutch in lieu of the single means for the movement of the drum by the flange-like wheel. In these circumstances, the claims should be limited to the new and improved means for the forward movement of the drum, and should not seek protection for the old and known elements.

I do not agree with the contentions that the handle-clutch device is not patentable over Bruen in view of Armstrong. I do not believe that the device disclosed by Armstrong can be said to anticipate the use of the handle-clutch mechanism in the field here involved. It is not adapted to function in the combination here involved, nor is such use taught by the patent.

For the reasons stated, reluctantly, in view of the evident improvement, I must deny the relief sought by the plaintiff.